DAMPSKIBELSKABET ELLA v. INTER–AMERICAN S. S. CO.

(Circuit Court of Appeals, Second Circuit. May 12, 1913.)

No. 219.

SHIPPING (§ 50*)—CONSTRUCTION OF CHARTER PARTY—LIABILITY FOR GALLEY COAL.

> Under a charter party which required the owners to pay for all "stores" and the charterer for "all the coals," coal used in the galley, as well as that used for steaming purposes, was chargeable to the charterer; it not being shown that the galley coal was kept separate from the general supply.

> [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 150–155; Dec. Dig. § 50.*]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty, involving the construction of a charter party, by the Dampskibelskabet Ella against the Inter-American Steamship Company. Decree for libelant, and respondent appeals. Affirmed.

Haight, Sanford & Smith, of New York City (C. S. Haight, of New York City, of counsel), for appellant.

Burlingham, Montgomery & Beecher, of New York City (Charles Burlingham and Roscoe H. Hupper, both of New York City, of counsel), for appellee.

Before COXE, WARD, and NOYES, Circuit Judges.

PER CURIAM. The charter party provides for payment by the owners for all "stores." It provides for payment by the charterers for "all coals." A quantity of the coal furnished by the charterers was used in the galley for cooking purposes, and the question is whether its value was chargeable against the owners or the charterers.

The charter is somewhat ambiguous. "Stores" is a very broad term, and in the absence of a more specific provision would undoubtedly include the coal in question. But the provision that the charterers shall provide and pay for "all the coals" specifically refers to coal, and we find nothing in that provision or in the other provisions requiring the phrase to be limited to coal used for steaming purposes. If it were shown that galley coal was kept separate from the general supply, there would be more ground for that construction. But this was not shown. Upon the whole, we think that the District Court properly interpreted the charter as requiring the charterers to pay for galley as well as other coal.

The decree is affirmed, with interest and costs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes